I. A. BUCKINGHAM

v.

THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.

*Fees of State's Attorney—Commissions on Collections—Statutes—"Convictions"—Cross-Errors.*

1. The State's Attorney is entitled to a commission of ten per cent. on the gross sum collected on an account of fines and forfeitures. He may lawfully retain such commissions and the amount due him on account of conviction fees not collectible from the defendants, paying over the balance, if any, to the school fund.

2. Neither a fine for a contempt nor a judgment in a proceeding by *scire facias* on a forfeited recognizance, is a " conviction" within the meaning of the statutory provision allowing the State's Attorney conviction fees.

3. The rule that objections can not be first raised in this court applies as well to cross-errors as to those assigned in chief.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Macon County; the Hon. J. F. HUGHES, Judge, presiding.

Messrs. H. CREA and C. C. CLARK, for appellant.

Mr. EDWARD P. VAIL, State's Attorney, for appellee.

WALL, J. Appellant was State's Attorney for Macon County, and as such collected fines and forfeited recognizances amounting to $5,640. He earned as fees for convictions in criminal prosecutions which could not be collected from the defendants, $4,490. Not having paid over to the school fund any part of the fines and forfeitures so collected, suit was brought against him and he insisted he had the right to deduct not only the amount due him for uncollected conviction fees but also ten per cent. commission upon the collections so made by him, such commission amounting to $564. The court below trying the case held adversely upon this point. Error

is assigned on this ruling. It is provided by R. S. 1874, Chap. 53, Sec. 8: "The State's Attorneys to be hereafter elected shall also be allowed the following fees: On each conviction when the crime is punished by death or confinement in the penitentiary, fifteen dollars, and five dollars each on all other convictions. Ten per cent. upon all moneys (except revenue), collected by them and paid over to the State or any county, which sum, together with the trial fees that can not be collected from the parties convicted, shall be paid out of any fines and forfeited recognizances collected by them. In each case of forfeited recognizances, where the forfeiture is set aside at the instance of the defendants, except where such forfeiture has been erroneously or irregularly entered, in addition to the ordinary costs, the sum of five dollars shall be collected as the State's Attorney's fees." * * *

*Ibid,* Sec. 9: "It shall be the duty of each State's Attorney of this State to make report in writing to the Circuit Court of their respective counties on the first day of every term thereof of all fees, fines and forfeitures by him collected, which report shall be verified by the affidavits of the party making it, and shall be filed by the clerk and recorded in a book by him to be kept for that purpose." * * *

R. S. 1874, Chap. 122, part of Sec. 82: * * * "And all other fines, penalties and forfeitures imposed or incurred in any of the courts of record, * * * shall, when collected, be paid to the School Superintendent of the county wherein such fines, forfeitures and penalties shall have been imposed or incurred, who shall give his receipt therefor; and the same shall be distributed by said superintendent, annually, in the same manner as the common school funds of the State are distributed; and it shall be the duty of the State's Attorneys of the several judicial circuits to enforce the collection of all fines, forfeitures and penalties imposed or incurred in the courts of record in their several circuits, and to pay the same over to the School Superintendent of the counties wherein the same have been imposed or incurred, retaining therefrom the fees and commissions allowed them by law; * * * State's Attorneys shall report, under oath, to the School Super-

Buckingham v. The People.

intendent of their respective counties, by the first of March, annually, the amount of such fines, penalties and forfeitures imposed or incurred in their respective courts, and the amount of such fines, forfeitures and penalties collected by them, giving each item separately."

It is argued in support of this ruling that by the language of the first section above quoted the commission can be allowed only when the fine or recognizance is *collected and paid over* to the State or any county. By the last section quoted these moneys, less the claim of the State's Attorney, for fees and commissions, go to the school funds, but there is express provision that the State's Attorney may retain his fees and commissions.

By the first section he is entitled to charge a conviction fee in certain cases, and he is also given a commission of ten per cent. on collections. The conviction fees and the commissions are wholly disconnected. He earns the latter when he makes the collection. He earns the former when he obtains the conviction. The State engages to pay the conviction fees when not collectible of the defendants out of any collections he may make on fines and forfeitures, and permits him to retain these items and pay the balance over to the school fund. In doing this the money is paid over practically and precisely the same, in effect, as if the whole sum received by the State's Attorney had been by him turned over to the school fund and the custodian of the latter had returned to him, first his commission for making the collection, and, second, enough to cover his uncollectible conviction fees.

The law does not provide for this process of circumlocution, this unnecessary paying over and paying back, but fixes the rule and permits the State's Attorney to *retain* what he may lawfully claim and the balance shall go to the fund as designated. The Act of 1865, 1 Gross, 281, where such a provision first appears, differs from the present in saying merely that the fees and commissions shall be paid out of fines, etc., collected, but we think this does not affect the construction we are inclined to give to the act now under consideration.

The latter act reads: " Ten per cent. upon all moneys (ex-

cept revenue) collected by them, and paid over to the State, or any county, which sum, together with the trial fees that can not be collected from the parties convicted, shall be paid out of any fines and forfeited recognizances collected by them."

When the money is properly appropriated and accounted for it is "paid over" in the sense here meant. Two classes or kinds of compensation are fixed and provided for, one for each service, and the officer may retain both items when he settles with the school fund.

He has his commission for one service, his fee for the other, and the fact that the latter can not be collected of the defendant but is assumed by the public, was not intended to deprive him of any part of his commission for making the collection of a fine or forfeiture in some other case. We are of opinion the court erred in its ruling on this point.

It is also insisted that the court erred in not allowing the appellant a conviction fee of $5 in each of nineteen cases where parties had been charged with contempt and fined therefor.

There is no express provision for a fee to the State's Attorney in such cases and unless they are within the terms of Sec. 8, Chap. 53, the fee can not be allowed. That section provides for fees "on each conviction when the crime is punished by death or confinement in the penitentiary fifteen dollars, and five dollars each on all other convictions." A fine for contempt is not a "conviction" within the meaning of this provision, which had reference to "criminal offenses" such as are to be punished by a prosecution on behalf of the people for "a violation of a public law." The phrase, "all other convictions," referred to all those of the same general character as those specially named in the preceding clause; to wit, for "crime," but where the punishment was different.

What we have here said disposes also of the objection that the court should have allowed conviction fees for obtaining judgments in proceedings by *scire facias* on forfeited recognizances.

These are not convictions in the sense here intended. The compensation for this service is included in the commission for making the collection if it can be made. If not, there is no compensation.

The appellees assign cross-error and seek to raise the objection that the court should have allowed interest upon a basis or theory different from that which it is assumed was adopted. No exception was taken by appellees to the action of the court in this respect, either in the holding or refusing propositions of law, or in assessing damages. We do not understand that error can be assigned upon a ruling or finding as thus proposed, where there was no objection or exception, and this principle applies as well to cross-errors as to those assigned in chief. As the cross-error is not properly assignable we can not consider it.

For the error indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*