### First National Bank of Monmouth v. Thomas R. Squires.

1. FORMER DECISIONS—*Approved.*—The views expressed in this case on a former appeal are approved. See 59 Ill. App. 134.

2. PRACTICE—*When Exceptions Should be Taken.*—When no exception to a refusal of the court to allow interest was taken when the damages were assessed and judgment rendered, error on the ground of such refusal is not properly assigned, and will not be considered on appeal.

Assumpsit, on a certificate of deposit. Appeal from the Circuit Court of Warren County; the Hon. HIRAM BIGELOW, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

ALMON KIDDER and GRIER & STEWART, attorneys for appellant.

KIRKPATRICK & ALEXANDER, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was commenced by Squires, August 4, 1893, to recover on the following instrument :

" D. Rankin, Pres't.          John Stephenson, Vice-Pres't.
                    B. T. O. Hubbard, Cash.

FIRST NATIONAL BANK OF MONMOUTH.      CAPITAL $75,000.
                    MONMOUTH ILL., February 15, 1884.

T. R. Squires has this day left $800 to be loaned for his use at not less than eight per cent interest, payable, not to exceed six months, on return of this memorandum.

                    B. T. O. HUBBARD, Chr."

Upon the trial the Circuit Court withdrew all the evidence from the jury and directed a verdict for the defend-

ant.   From the judgment of costs rendered against him on that trial, Squires appealed to this court, and a reversal was ordered because of error in directing a verdict for the defendant.   See Squires v. First National Bank of Monmouth, 59 Ill. App. 134.

We then held that the instrument sued on, with the accompanying facts proven, amounted to a certificate of deposit of the bank.   The reasons for such holding are fully set forth in the opinion then filed, and need not now be repeated.

After being remanded, the cause was again tried in the Circuit Court, resulting in a judgment in favor of Squires for $800.   From that judgment the bank has appealed.

The evidence as presented by the record now before us is not materially different from what it was when the case was here before.   The contention that the transaction can not be regarded as one with the bank because *ultra vires*, was fully considered in our former opinion.   We re-affirm the views therein expressed.

In the view entertained by us that the written instrument was a bank contract, the five years statute of limitations, interposed as a defense, has no application.

For the reason that the court did not allow interest on the $800 appellee has assigned cross-errors.   The case was tried by the court, and as no exception to the refusal of the court to allow the interest was taken when the damages were assessed and the judgment was rendered, the cross-errors are not properly assigned, and will not be considered by us.   Buckingham v. The People, for the use, etc., 26 Ill. App. 269.   Judgment affirmed.